TIMOTHY M. BURGESS
United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-2344 - Fax
daniel.cooper@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARY MILLER, as personal representative of the Estate of Sarah James<br><br>Plaintiff,<br><br>v.<br><br>SOUTHEAST ALASKA REGIONAL HEALTH CONSORTIUM, and DEPARTMENT OF HEALTH and HUMAN SERVICES<br><br>Defendants. | Case No. 1:04-cv-14-RRB<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I.   INTRODUCTION

Plaintiff filed a Complaint[1] under the Federal Tort Claims Act alleging two claims relating to the treatment and care of Sarah James, deceased, at the Southeast

---

[1] Complaint, Docket 1.

Alaska Regional Health Consortium's Mt. Edgecumbe Hospital in Sitka, Alaska ("the Hospital"). Count I alleges that the Hospital breached the applicable standards of medical care and failed to adequately treat Plaintiff's decedent because the Hospital failed to prevent Sarah James from climbing over the bed rails which resulted in a fall and injuries. Count II alleges that the direct and proximate cause of Sarah James death was the negligence by the Hospital which caused the fall.

Defendants, pursuant to Fed. R. Civ. P. 56, move for summary judgment and dismissal of Counts I and II of Plaintiff's Complaint. In support of this motion, defendants have attached the declaration of Ida M. (Joy) Blanchette, R.N., Nursing Administrator.[2] In Nurse Blanchette's opinion, the Hospital did not breach the standards of medical care by placing Sarah James in a bed without restraints or safety devices other than raised bed rails and a bed alarm at the time of her admission on December 4, 2000.

The Hospital has also attached to this motion a copy of Sarah James' death certificate. The death certificate discloses that Sarah James died of cardiopulmonary arrest, dehydration/malnutrition, and dementia.[3] There is no

---

[2] Exhibit A.

[3] Exhibit B.

nexus on the face of the death certificate between the causes of death given on the death certificate and the fall suffered by Sarah James on December 4, 2000.

Plaintiff has not identified any expert witnesses and has not produced any medical expert reports. Thus, Plaintiff has failed to meet the legal and evidentiary requirements for her medical malpractice claims under Alaska law and the Hospital is entitled to summary judgment and dismissal of Plaintiff's claims for alleged failure to supervise and for wrongful death of Sarah James.[4]

## II.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment should be granted if there is no disputed genuine issue of material fact and if the moving party is entitled to judgment as a matter of law.[5] The moving party has the burden of showing that there is no genuine issue of material fact. Once the moving party has met this burden, the nonmoving party must set forth evidence showing the existence of a genuine issue for trial.[6] When considering a motion for summary judgment, the Court views the evidence presented in the light most favorable to the non-moving

---

[4] AS 09.55.540(a); Parker v. Tomera, 89 P.3d 761, 765-66 (Alaska 2004).

[5] Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[6] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

party and determines whether the moving party is entitled to judgment as a matter of law.[7]

III.   FACTUAL SUMMARY

Plaintiff's claims relate to the admission and care of Sarah James at Mt. Edgecumbe Hospital in December, 2000. Sarah James was admitted to the Mt. Edgecumbe Hospital on December 4, 2000, after she fell at home.[8] Shortly after her admission and placement on the ward, Mrs. James climbed out of her bed by going over the raised bed rails, fell and broke her hip.[9] Her family was consulted the next day, December 5, 2000, and they agreed to attempt a conservative treatment plan for the hip fracture to avoid, if possible, surgery. Mrs. James' hip did not respond to the conservative treatment plan, and the family decided to have surgical intervention. Sarah James was discharged to an Anchorage hospital for surgery on December 17, 2000.[10]

---

[7]   Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001).

[8]   History and Physical Examination Report, HHS 780, Exhibit A.

[9]   HHS 812, Exhibit A.

[10]   The foregoing summary of facts is taken verbatim from Defendants' Motion to Dismiss at Docket 6, and is supported by the documents filed with that Motion.

Miller v. SARHC, et.al.
Case No. 1:04-cv-14-RRB              Page -4-

Sarah James died on December 20, 2001, more than a year after her discharge from the Hospital. The death certificate discloses that Sarah James died of cardiopulmonary arrest, dehydration/malnutrition and dementia.[11]

## IV.   ARGUMENT

Plaintiff filed this malpractice action under the FTCA, which provides that the United States shall be liable for damages for tort claims to the same extent that a private party would be liable to the claimant "in accordance with the law of the place where the act or omission occurred."[12]  The alleged tortious conduct in this case occurred at Mt. Edgecumbe Hospital in Sitka, Alaska.  Thus, the Court applies the law of Alaska regarding the elements of proof for a medical malpractice action.[13]

The Alaska law governing medical malpractice actions places the burden of proof on the Plaintiff to prove by a preponderance of the evidence:

> (1) the degree of knowledge or skill possessed or the degree of care ordinarily exercised under the circumstances, at the time of the act complained of, by health care providers in the field or specialty in which the defendant is practicing;

---

[11]  Exhibit B.

[12]  28 U.S.C. §§1346(b) and 2674.

[13]  <u>Yako v. United States</u>, 891 F.2d 738, 745 (9th Cir. 1989).

>(2) that the defendant either lacked this degree of knowledge or skill or failed to exercise this degree of care; and
>
>(3) that as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.[14]

In malpractice actions there is no presumption of negligence.[15] A plaintiff in a malpractice action normally must offer medical expert opinions and testimony in order to support her claims and prove the elements under AS 09.55.540(a).[16] If a plaintiff is unable to offer expert testimony to prove these required elements, summary judgment may be entered in favor of the defendant.[17]

In Parker v. Tomera, the defendants' expert submitted an affidavit that the plaintiff's medical care was appropriate and that the doctor's medical procedure (a catheterization) could not have caused the plaintiff's alleged personal injury (sexual dysfunction).[18] The plaintiff failed to produce any medical expert report or testimony to rebut the defense expert's opinions on the standard of care and the

---

[14] AS 09.55.540(a).

[15] AS 09.55.540(b).

[16] Parker v. Tomera, 89 P.3d 761, 765-66 (Alaska 2004).

[17] Parker, 89 P.3d at 766; Kendall v. State, Div. of Corrections, 692 P.2d 953, 955 (Alaska 1984).

[18] Parker, 89 P.3d at 766.

lack of causation. Thus, the Alaska Supreme Court affirmed the entry of summary judgment in favor of the defendants.[19]

In this case, the dates for the disclosure of expert reports and for the close of discovery (December 12, 2005) have passed.[20] Plaintiff has not identified any medical expert witness and she has failed to provide any expert reports or opinions to support her malpractice claims. Thus, Plaintiff is unable, as a matter of law and fact, to prove that the Defendant breached the standards of medical care by not using a more restrictive safety device or physical restraints **or** that Defendant had a medical duty to restrain Mrs. James in such a manner.

As set out in her declaration, Nurse Blanchette concluded that the Hospital did not breach the applicable standard of care in its use of safety devices for Mrs. James. The affidavit is supported by the Hospital's records, including the policies concerning the safety of patients. The nursing records disclose that the policies were followed. Since Plaintiff does not have any medical or safety expert to contest Nurse Blanchette's opinions and conclusions, Defendant is entitled to

---

[19] Id. at 766.

[20] Order Granting Stipulation for Discovery, Docket 24.

summary judgment on both of Plaintiff's claims, because both claims flow from a single incident, the fall from the hospital bed.

Therefore, the United States requests that the Court grant summary judgment and dismiss with prejudice Counts I and II of Plaintiffs' Complaint in this action.

Respectfully submitted on January 10, 2006.

        TIMOTHY M. BURGESS
        United States Attorney

        s/ Daniel R. Cooper, Jr.
        222 West 7th Ave., #9, Rm. 253
        Anchorage, AK 99513-7567
        Phone: (907) 271-3376
        Fax: (907) 271-2344
        E-mail: Daniel.Cooper@usdoj.gov
        AK #8211109

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2006,
a copy of the foregoing Defendants' Motion for
Summary Judgment was served
on Michael Jude Pate by e-mail at:

jude@ptialaska.net

s/ Daniel R. Cooper, Jr.